USA v. Hester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: June 16, 2009                    Decided: December 16, 2009)

Docket Nos. 08-4665-cr(L), 08-4667-cr(con)

UNITED STATES OF AMERICA,

      *Appellee,*

      v.

TRAVIS S. HESTER,

      *Defendant-Appellant.*


Before: WINTER, CABRANES, and HALL, *Circuit Judges.*


      Defendant-appellant Travis S. Hester appeals from a September 16, 2008 judgment entered in the United States District Court for the Northern District of New York (Sharpe, *J.*), convicting him, following a guilty plea, of two counts of traveling in interstate commerce and failing to register or update his sex offender registration in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), and one count of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). The district court sentenced Hester principally to a term of imprisonment of 37 months. On appeal, Hester argues that (1) his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) violated his right to due process of law under the Fifth Amendment to the U.S. Constitution; (2) 18 U.S.C. § 2250(a) and the registration requirements of SORNA, 42 U.S.C § 16913(a), violate the Commerce Clause of the U.S. Constitution; and (3) 18 U.S.C. § 2250(a) is unconstitutionally vague. Hester's due process argument presents a question of first impression for this Court. We conclude, as have all of our sister circuits that have considered the issue, that prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) does not violate the right to due process of law. With respect to Hester's two remaining arguments, we conclude that those were waived pursuant to the plea agreement.

      Affirmed.

FOR DEFENDANT-APPELLANT:    Timothy E. Austin, Assistant Federal Public
                            Defender (Molly Corbett, *on the brief)*,
                            Office of the Federal Public Defender,
                            Albany, NY, *for Travis S. Hester*.

FOR APPELLEE:               Brenda K. Sannes, Assistant United States Attorney
                            (Andrew T. Baxter, Acting United States
                            Attorney for the Northern District of New
                            York, *on the brief*, Thomas Spina, Jr.,
                            Assistant United States Attorney, *of
                            counsel)*, Office of the United States
                            Attorney for the Northern District of New
                            York, Syracuse, NY, *for the United States of
                            America*.

PER CURIAM:

Defendant-appellant Travis S. Hester ("defendant" or "Hester") appeals from a September 16, 2008 judgment entered in the United States District Court for the Northern District of New York (Sharpe, *J.*), convicting him, following a guilty plea, of two counts of traveling in interstate commerce and failing to register or update his sex offender registration in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), and one count of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). As part of the plea agreement, Hester expressly agreed to waive his right to appeal his conviction and sentence if he received a sentence of 51 months' imprisonment or less, but reserved the right to appeal the district court's February 7, 2008 order denying his motion to dismiss the indictment.[1] The district court sentenced Hester principally to a term of 37 months' imprisonment. On appeal, Hester argues that (1) his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) violated his right to due process of law under the Fifth

---

[1] Hester also reserved the right to collaterally attack his conviction and sentence in the event that 18 U.S.C. § 2250 was subsequently declared unconstitutional by either this Court or the Supreme Court.

Amendment of the U.S. Constitution; (2) 18 U.S.C. § 2250(a) and the registration requirements of SORNA, 42 U.S.C. § 16913(a), violate the Commerce Clause of the U.S. Constitution; and (3) 18 U.S.C. § 2250(a) is unconstitutionally vague. Hester's due process argument presents a question of first impression for this Court. For the reasons stated below, we conclude, as have all of our sister circuits that have considered the issue, that prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) does not violate the right to due process of law. With respect to Hester's two remaining arguments, we conclude that those were waived pursuant to the plea agreement. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

On October 13, 2006, Hester pleaded guilty in Schenectady City Court to Sexual Abuse in the Third Degree, in violation of N.Y. Penal Law § 130.55, and Forcible Touching, in violation of N.Y. Penal Law § 130.52. Hester was sentenced principally to 90 days imprisonment on the first charge and 60 days imprisonment on the second charge. As a result of these convictions, Hester was required to register as a sex offender in New York State, which he did on December 7, 2006. Specifically, Hester signed a New York State "Sex Offender Registration Form," which enumerated all of Hester's "duties as a sex offender," including that

> You must notify [the Division of Criminal Justice Services] in writing of any change of home address no later than 10 days after you move. (NOTE: Change of address forms are available at your local law enforcement agency, parole or probation office, or from [the Division of Criminal Justices Services].) If you move to another state, you must register as a sex offender within 10 days of establishing residence. You must also register in any state in which you are employed or are a student.

3

Hester initialed each of the specific requirements listed on the form. Additionally, he signed his name below the statement, "I understand I have a duty to register and my duties were explained to me."

Between January 18, 2007 and April 10, 2007, Hester filed four New York State Sex Offender Change of Address forms. After April 10, 2007, however, New York State officials were unable to locate him. On April 12, 2007, the Schenectady County Probation Department concluded that Hester had absconded from supervision and relocated to Florida. A New York State judge issued an arrest warrant for Hester based upon a petition that alleged probation violations. On July 12, 2007, Hester was arrested in Florida on a charge of making a false statement in connection with the purchase of a firearm. During questioning after his arrest, Hester stated that he had moved to Florida approximately two to three months earlier and that he had not registered as a sex offender when he moved.

Hester was indicted in the Northern District of New York and charged with two counts of violating 18 U.S.C. § 2250(a), for failure to update and register as a sex offender pursuant to SORNA. The applicable requirements provide that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Hester's two charged counts were based upon his failure to update his registration in New York (Count 1) and failure to register in Florida (Count 2). Hester filed a motion to dismiss the indictment, arguing, *inter alia*, that his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) violated his right to due process of law because he did not have actual notice of SORNA. Specifically, Hester argued that although SORNA was enacted on July 27, 2006—three months

4

before he pleaded guilty to the underlying sexual offenses—neither New York nor Florida had implemented a SORNA-compliant registry at the time of his July 2007 arrest. Accordingly, Hester argued that "a reasonable person reading the entirety of the SORNA legislation would be, at best, confused about whether there is a present obligation to register under SORNA" and that his prosecution for failure to register under SORNA would be a violation of due process. J.A. 30 (Def.'s Mot. to Dismiss and Suppress Statements, Dec. 13, 2007).

The district court denied Hester's motion to dismiss the indictment. *See United States v. Hester*, No. 07-cr-376 (GLS), 2008 WL 351677 (N.D.N.Y. Feb. 7, 2008). First, the district court stated that "[w]hile it may be true that the states have until July 2009 to implement certain administrative portions of [SORNA], the statute itself became effective in July 2006. Therefore, whether mandated by New York, Florida or SORNA, registering is not optional." *Id*. at *2. The district court also found that "Hester had sufficient notice that failure to register and update his registration was illegal. . . . The record is clear that he knew he had to register and failed to do so." *Id*. Because the district court determined that "it is not necessary for a defendant to know precisely which statute he is violating in order to be held liable under the law," it concluded that "it is irrelevant whether Hester knew specifically that he was in violation of SORNA." *Id*.

Pursuant to a plea agreement, Hester pleaded guilty to two counts of violating 18 U.S.C. § 2250(a). At the same time, he also pleaded guilty to one count of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), the crime that led to his July 2007 arrest. As part of the plea agreement, Hester expressly agreed to waive his right to appeal his conviction and sentence if he received a sentence of 51 months' imprisonment or less, but he reserved the right to appeal the district court's February 7, 2008 order denying his motion to

dismiss the indictment.[2]  On September 16, 2008, the district court sentenced Hester principally to 37 months' imprisonment on each count, to run concurrently.  Hester filed a timely notice of appeal.

## DISCUSSION

Hester makes three main arguments to this Court on appeal: (1) his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) violated his constitutional right to due process of law; (2) 18 U.S.C. § 2250(a) and the registration requirements of SORNA, 42 U.S.C. § 16913(a), violate the Commerce Clause to the Constitution; and (3) 18 U.S.C. § 2250(a) is unconstitutionally vague.  Hester's due process argument presents a question of first impression for this Court.  We consider each argument in turn, and we review questions of constitutional interpretation *de novo*.  *See United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008); *United States v. King*, 276 F.3d 109, 111 (2d Cir. 2002).

### I.     Statutory Overview

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 ("the Walsh Act"), Pub. L. No. 109-248, 120 Stat. 587.  Title I of the Walsh Act codified SORNA, the declared purpose of which is to "protect the public from sex offenders and offenders against children . . . [by] establish[ing] a comprehensive national system for the registration of those offenders."  42 U.S.C. § 16901.  Pursuant to SORNA, individuals who have been convicted of a sex offense must register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student," and must keep his or her registration current by updating the relevant jurisdiction after each change of name, residence,

---

[2] *See supra*, note 1.

6

employment, or student status. 42 U.S.C. § 16913. SORNA provides criminal penalties for failing to comply with its registration requirements. Section 2250(a) states:

> Whoever-
>> (1) is required to register under the Sex Offender Registration and Notification Act;
>>
>> (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>>
>> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>>
>> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>>
>> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). SORNA also creates standards for the registration programs of all jurisdictions.[3] *See* 42 U.S.C. § 16912(a). Each jurisdiction was to implement the standards set forth in SORNA by July 27, 2009. *See* 42 U.S.C. § 16924(a)(1). Although neither New York nor Florida had implemented the specific requirements set forth in SORNA during the time period charged in the indictment, both states had sex offender registration programs that complied with the federal Jacob Wetterling Act, 42 U.S.C. § 14071, *et seq*., which was the statutory precursor to SORNA.

---

[3] "Jurisdiction" is defined to include: a state, the District of Columbia, the Commonwealth of Puerto Rico, Guam, America Samoa, the Northern Mariana Islands, the United States Virgin Islands, and federally recognized Indian tribes that elect to function as "registration jurisdictions." *See* 42 U.S.C. §§ 16911(10); 16927.

## II.    Defendant's Due Process Claim

Under the Fifth Amendment to the U.S. Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." Hester argues that his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) violated his right to due process for two principal reasons. First, he argues that he "cannot be required to register is [sic] he had no actual knowledge of the requirement that he register." Second, Hester argues that his prosecution violated his due process right because neither New York nor Florida had implemented SORNA's registration program requirements during the relevant period, and thus, compliance with SORNA was "impossible for him."

It is well-established that ignorance of the law is not a valid defense to a criminal prosecution. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."). In *Lambert v. California,* 355 U.S. 225 (1957), the Supreme Court carved a narrow exception to this rule, holding that a municipal ordinance that made it a crime for a convicted felon to remain in Los Angeles for five days without registering with the Chief of Police violated defendant's due process right. *Id.* at 229. The Court highlighted the importance of notice in registration statutes that do not have a requisite *mens rea*, stating: "[e]ngrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has a chance to defend charges." *Id.* at 228. A defendant, therefore, may be able to defend against criminal charges on the basis that he was ignorant of the law if the circumstances surrounding the prosecution meet the limited exception carved out in *Lambert*. Our Court has not previously had an opportunity to consider whether 18 U.S.C. § 2250(a) violates the Due

8

Process Clause, although we note that several of our sister circuits have considered and rejected these arguments.

With respect to Hester's first argument (*i.e.*, he was ignorant of the law), several of our sister circuits have recently addressed similar claims. Most recently, the Eleventh Circuit considered a due process challenge to a conviction under 18 U.S.C. § 2250(a) on the basis of a lack of notice asserted by a sex offender who moved from North Carolina to Alabama, but failed to register in Alabama after his move. *See United States v. Brown*, --- F.3d ---, No. 08-17244, 2009 WL 3643477, * 1 (11th Cir. Nov. 5, 2009). The Court of Appeals concluded that "notice of a duty to register under state law is sufficient to satisfy the Due Process Clause." *Id*. At *7. That court thus rejected Brown's lack of notice argument because "[Brown] had actual knowledge that he had a duty to register in Alabama." *Id*. Moreover, the Eleventh Circuit expressly rejected the same argument that Hester asserts here—that a conviction under 18 U.S.C. § 2250(a) can be challenged as a violation of due process under *Lambert*. *Id*. at *7-8 ("In addition to actual notice, there were sufficient circumstances to prompt Brown to have inquired upon his duty to register."). Accordingly, the Eleventh Circuit reached the same conclusion as each of the other circuits to have considered this issue—that a due process challenge to a conviction under 18 U.S.C. § 2250(a) based upon a lack of notice is without merit. *See United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009); *United States v. Gould*, 568 F.3d 459, 468-69 (4th Cir. 2009), *petition for cert. filed* (U.S. Sept. 25, 2009) (No. 09-6742); *United States v. Dixon*, 551 F.3d 578, 584 (7th Cir. 2008), *cert. granted*, *Carr v. United States*, 2009 WL 1095868 (U.S. Sept. 30, 2009) (No. 08-1301); *United States v. Hinckley*, 550 F.3d 926, 938 (10th Cir. 2008), *cert. denied*,

--- U.S. ---, 129 S.Ct. 2383 (2009); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008), *cert. denied*, --- U.S. ---, 129 S.Ct. 2431 (2009).

The Courts of Appeals for the Eleventh, Fourth, Seventh and Tenth Circuits have also addressed Hester's second argument (*i.e.*, the "impossibility" argument). In *Brown*, the Eleventh Circuit rejected Brown's argument that SORNA did not apply to him because Alabama had not yet implemented it, noting that the argument "fails to appreciate the distinction between a jurisdiction's duty to implement SORNA and a sex offender's duty to register." 2009 WL 3643477, at * 5 (citing *Gould*, 568 F.3d at 464). That court explained that "a jurisdiction's failure to implement SORNA results in a loss of federal funds, 'not in an excuse for an offender who has failed to register.'" *Id*. (quoting *Hinckley*, 550 F.3d at 939). Accordingly, the Eleventh Circuit held that "a sex offender is not exempt from SORNA's registration requirements merely because the jurisdiction in which he is required to register has not yet implemented SORNA." *Id*. at *6; *see Gould*, 568 F.3d at 463-66 (SORNA applies to defendant even though Maryland had not yet implemented it); *Dixon*, 551 F.3d at 582 (defendant required by SORNA to register with Indiana despite Indiana's failure "to establish any procedures or protocols for the collection, maintenance, and dissemination of the detailed information required by the Act"); *Hinckley*, 550 F.3d at 939 (defendant required to register under SORNA even though Oklahoma had not statutorily implemented SORNA). The *Brown* Court concluded that "[a]n individual may . . . comply with SORNA's registration requirements by registering through the state's sex offender registry, even if that jurisdiction has not implemented SORNA's administrative procedures." *Brown*, 2009 WL 3643477, at *5. Indeed, the court noted that "SORNA was not enacted in a

10

vacuum. To the contrary, every state and the District of Columbia had a sex offender registration law prior to 2006." *Id.* (citing *Gould*, 568 F.3d at 464).

We are persuaded by and adopt the reasoning of our sister circuits. That Hester had no actual notice of SORNA is not sufficient to render his prosecution pursuant to that statute a violation of his due process rights. *See, e.g.*, *Cheek*, 498 U.S. at 199. To the extent that the Supreme Court carved out a limited exception to the rule that ignorance of the law is not a valid defense to its violation, *see Lambert*, 355 U.S. 225, Hester's failure to comply with SORNA's registration requirements is beyond that exception. In *Lambert*, the Supreme Court stated:

> Registration laws are common and their range is wide . . . . But the present ordinance is entirely different. Violation of its provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking.

*Id.* at 229. Like our sister circuits, we find this last statement—regarding "circumstances which might move one to inquire as to the necessity of registration"—to be critical. Here, as distinguished from *Lambert*, Hester knew he had to update his registration in New York and that he had to register as a sex offender in a new state if he moved. Indeed, he initialed the specific requirements of the New York Sex Offender Registration Form which stated: "You must notify [the Division of Criminal Justice Services] in writing of any change of home address no later than 10 days after you move . . . . If you move to another state, you must register as a sex offender within 10 days of establishing residence." Moreover, Hester complied with these requirements on four separate occasions by filing a New York State Sex Offender Change of Address Form. Accordingly, Hester's reliance on *Lambert* is misplaced. The fact that Hester did

not receive notice of SORNA is not sufficient to render his prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) a violation of his due process rights.

With respect to Hester's argument that registering under SORNA was impossible to accomplish, we also agree with our sister circuits and hold that compliance with SORNA is not "impossible" in light of the fact that the states at issue had a registration program. *See Brown*, 2009 WL 3643477 at *5-6; *Gould*, 568 F.3d at 464; *Dixon*, 551 F.3d at 582; *Hinckley*, 550 F.3d at 939. SORNA only obligates a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Here, Hester could have updated his registration information in New York and registered in Florida, as both states had registration programs in effect during the relevant time period. That SORNA also requires jurisdictions to update and improve their registration programs, and that New York and Florida had not yet met those administrative requirements, does not excuse Hester's failure to meet the registration requirements that SORNA imposes on individual sex offenders and to register with the programs that did exist.

For the foregoing reasons, we conclude that Hester's prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) did not violate his due process rights.

III.    **Defendant's Commerce Clause and Void-for-Vagueness Claims**

Hester argues that his conviction is unconstitutional for two additional reasons: (1) 18 U.S.C. § 2250(a), and the registration requirements of SORNA, 42 U.S.C. § 16913(a), violate the Commerce Clause; and (2) 18 U.S.C. § 2250(a) is void-for-vagueness. Because we conclude that

Hester waived his right to raise new constitutional challenges to the indictment, we do not reach these arguments.

As noted, Hester expressly agreed to waive his right to appeal his conviction and sentence if he received a sentence of 51 months' imprisonment or less, reserving only his right to appeal the district court's February 7, 2008 order that denied his motion to dismiss the indictment.[4] Specifically, the plea agreement that he signed on March 21, 2008 states, in relevant part:

Waiver of Appeal and Collateral Attack

> The [d]efendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the convictions and sentences in this case . . . . The defendant reserves the right to appeal so much of the Court's Decision and Order of February 7, 2008, as denied his motion to dismiss the indictment . . . . Otherwise, the [d]efendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his convictions and any sentence of imprisonment of 51 months or less . . ..

Because Hester received a sentence of less than 51 months' imprisonment, the requirements underlying Hester's appeal waiver obtained. He does not attack the agreement nor suggest that his decision to sign it was anything other than knowing and voluntary. Hester, therefore, is left with only the right he reserved to challenge the district court's denial of his motion to dismiss the indictment. In that December 13, 2007 Motion to Dismiss the Indictment, Hester did not raise his Commerce Clause and void-for-vagueness arguments. Nor, since the motion was denied, has Hester made the arguments to the district court that he now seeks to advance here. Because he has not presented these arguments to the district court in the first instance and because the appeal waiver narrowly circumscribes what he may appeal, to wit, only "so much of the Court's

---

[4] *See supra*, note 1.

Decision . . . as denied his motion to dismiss the indictment," we deem these latter arguments waived. *See Joseph v. Leavitt*, 465 F.3d 87, 93-94 (2d Cir. 2006) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")); *see also United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004) (permitting an appeal from a defendant "'who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal'" would "'render the plea bargaining process and the resulting agreement meaningless.'") (quoting *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993)).[5]

## CONCLUSION

For the foregoing reasons, we conclude that Hester's prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a) did not violate his constitutional right to due process. We deem Hester's remaining arguments waived pursuant to his plea agreement.

The judgment of the district court is affirmed.

---

[5] While we do not reach the issue, we note that the courts that have considered the Commerce Clause argument have not been persuaded. *See Whaley*, 577 F.3d at 258 & n.1 (cases collected therein).