07-5361-cr
United States v. Penev

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand ten.

PRESENT:   PETER W. HALL,
           DEBRA ANN LIVINGSTON, *Circuit Judges*,
           DENNY CHIN,[1] *District Judge*.

_____

United States of America,

                              *Appellee*,

           v.                                                No. 07-5361-cr

Marian Asenov Penev,

                              *Defendant-Appellant*.

_____

For Appellant:        CHARLES F. WILSON, Nevins & Nevins LLP, East Hartford,
                      Connecticut.

For Appellee:         STEPHEN J. BACZYNSKI, Assistant United States Attorney, for
                      Kathleen M. Mehltretter, United States Attorney for the Western
                      District of New York, Buffalo, New York.

_____

[1] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York  (Siragusa, *J.*), following the defendant's guilty plea.  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-appellant Marian Asenov Penev appeals from a judgment of the United States District Court for the Western District of New York  (Siragusa, *J.*), entered November 2, 2007, convicting him, following a plea of guilty, of using a facility of interstate commerce to entice a child not having reached the age of consent to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and sentencing him to 192 months imprisonment as well as a lifetime term of supervised release.  Appellant asks this Court to vacate his sentence and argues that the district court violated his due process rights: (1) by rejecting his first plea agreement, relying, in part, on victim impact letters, which appellant argues unfairly biased the court (or gave rise to a conflict of interest for the court) and caused the government to breach his plea agreement, and (2) by improperly participating in plea negotiations.  Penev neither raised due process claims before the district court nor preserved an objection to the government's purported breach of his plea agreement.  This Court therefore reviews these claims only for plain error.  Fed. R. Crim. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights.  *United States v. Olano*, 507 U.S. 725, 732 (1993).  Where these conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if [(iv)] the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks and citations omitted).  In the context of a

2

Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is "'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)). We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal, which we reference only to the extent necessary to explain our decision.

## I. Penev's Appellate Waiver

Pursuant to his plea agreement, Penev waived his right to appeal his conviction and any sentence consisting of imprisonment of 192 months or less, a fine of up to $150,000, and a period of supervised release for life. His actual sentence of 192 months with supervised release for life and no fine plainly fits within this provision.

This Court has made clear that "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009).[1] A defendant may only seek relief from an agreed-upon waiver if it can be shown that the plea itself was not knowing and voluntary, where sentencing was based on a constitutionally impermissible factor such as bias,

---

[1] The colloquy at Penev's plea proceeding "adequately establishes that [Penev] understood the terms of his waiver in the plea agreement," *see United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir. 2000) (per curiam), and Penev's argument that the waiver was not voluntary is without merit. *See United States v. Oberoi*, 547 F.3d 436, 459 (2d Cir. 2008) (declining to "disturb the district court's finding that [the defendant's] guilty plea was not knowing and voluntary. The plea allocution conformed to Federal Rule of Criminal Procedure 11. The district court engaged [the defendant] in a lengthy dialogue to determine the factual predicate for the plea.").

*see United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam), or where the government breaches the plea agreement, *see United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999).  It is also well-established that "a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."  *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989).  A defendant's arguments are improper if aimed at avoiding the appeal waiver contained in his plea agreement.  *See Garcia*, 166 F.3d at 521-22 (rejecting defendant's claim that the district court violated due process by basing a factual finding on insufficient evidence as "a poorly disguised attack on the merits of her sentence" and enforcing the plea agreement waiver); *United States v. Djelevic*, 161 F.3d 104, 106-07 (2d Cir. 1998) (rejecting defendant's "effort to dress up his claim as a violation of the Sixth Amendment" in order to "challeng[e] the correctness of his sentence" and enforcing the appeal waiver in the plea agreement).  Because we conclude that none of Penev's claims amount to error, much less due process violations, Penev's appeal waiver is valid and enforceable, and the appeal is, therefore, dismissed.

## II.     Rejection of the First Plea Agreement

Penev argues that the court's decision to reject the first plea agreement constituted impermissible participation in the parties' plea negotiations and thereby violated Federal Rule of Criminal Procedure Rule 11(c).  His argument relies upon this Court's having held that "the sentencing judge should take no part whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty."  *United States v. Werker*, 535 F.2d 198, 201 (2d Cir. 1976).

"There is . . . no absolute right to have a guilty plea accepted.  A court may reject a plea in exercise of sound judicial discretion."  *Santobello v. New York*, 404 U.S. 257, 262 (1971) (internal citation omitted); *see also United States v. Torres-Echavarria*, 129 F.3d 692, 695 (2d Cir. 1997).  Under Rule 11 "[a] trial judge is not required to accept every constitutionally valid [i.e., knowing, voluntary, and intelligent] guilty plea merely because a defendant wishes so to plead, and may reject a plea in exercise of sound judicial discretion."  *United States v. Severino*, 800 F.2d 42, 45 (2d Cir. 1986) (internal citation and quotation marks omitted) (second brackets in original).  "Among the reasons that may justify the exercise of discretion to reject a plea agreement is a concern that the resulting sentence would be too lenient."  *Torres-Echavarria*, 129 F.3d at 696.  Rule 11(c)(5) requires a district court rejecting a plea to advise the defendant of various matters in open court.  *United States v. Alcantara*, 396 F.3d 189, 204 (2d Cir. 2005).  Under Rule 11(c)(1)(C), however, "a district court may not deviate from the 'specific sentence or sentencing range' recommended or requested by the accepted plea agreement."  *United States v. Main*, 579 F.3d 200, 203 (2d Cir. 2009) (internal citation omitted) (citing *United States v. Williams*, 260 F.3d 160, 165 (2d Cir. 2001) ("[A] district court may accept or reject a Rule 11(e)(1)(C) [2] sentence bargain, but may in no event modify it.")).

In rejecting the first plea agreement, the district court so advised Penev as required under Rule 11,  and it neither suggested terms for a plea that it would be inclined to accept nor

---

[2] Federal Rule of Criminal Procedure 11(e)(1)(C) is Rule 11(c)(1)(C)'s predecessor, and was revised and renumbered in 2002 with only stylistic changes.  Fed. R. Crim. P. 11 advisory committee's notes.

otherwise interfered with subsequent plea negotiations.  Accordingly, the district court did not abuse its discretion, let alone commit plain error, in rejecting the first plea agreement.

Penev also argues to this court that the district court was "compromised" and "improperly influenced" when it accepted his guilty plea and sentenced him.  This argument, however, is waived.  *United States v. Hester*, 598 F.3d 86, 94 (2d Cir. 2009) (per curiam) (holding that "[b]ecause [the defendant] has not presented these [constitutional] arguments to the district court in the first instance and because the appeal waiver narrowly circumscribes what he may appeal . . . we deem these . . . arguments waived.") (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")).  Penev specifically declined to make an application to the district court to set aside his guilty plea based on a perceived conflict of interest.  At the hearing on the subsequent plea agreement, which the district court did accept, Penev, through counsel, stated that, "[t]here is no overt indication that would support a conflict motion as to the proceedings here. . . . [T]here is no indication in the record of a conflict."  Having thus declined to put the issue before the district court expressly because he lacked sufficient evidence, Penev waived any claim based on allegations of conflict.  *See id*.

## III.     The Alleged Government Breach

Penev argues that the government breached his plea agreement by forwarding victim impact letters to the district court.

A defendant is deprived of due process when the government breaches a plea agreement provision on which the defendant relied "in any significant degree" when entering the guilty plea.

6

*Santobello v. New York*, 404 U.S. 257, 262 (1971).  Penev argues that Crime Victims' Rights Act of 2004 ("CVRA"), 18 U.S.C. § 3771, "effectively compelled or encouraged the Government to circumvent the plea agreement through a victim-surrogate . . .."  Here, the plea agreement permitted the government to provide the district court with "all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged" as well as "the circumstances surrounding the charge."  The victim impact letters are encompassed within the information the government said it would provide.  Accordingly, we conclude that the government did not breach its plea agreement with Penev.

We have considered Penev's remaining claims and find them to be without merit.

## CONCLUSION

For the reasons stated above, because Penev has waived his right to appeal and has presented no arguments that require that he be released from that waiver, this appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk