**UNITED STATES of America,
Appellee,**

v.

**Robert Glen HARRISON, Defendant–
Appellant.**

**No. 09–4115–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 2, 2010.

Alison S. Arms, Assistant Federal Public Defender (Michael L. Desautels, of counsel), Office of the Federal Public Defender, District of Vermont, Burlington, VT, for Appellant.

Wendy L. Fuller, Assistant United States Attorney (Gregory L. Waples, As-

sistant United States Attorney, of counsel), for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Robert Glen Harrison was convicted in Vermont on October 26, 1998 of sexual assault of a minor under the age of sixteen. *See* Vt. Stat. Ann. tit. 13, § 3252. As a result, the defendant was obligated to maintain his sex offender registration as required by the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), 18 U.S.C. § 2250(a). On January 5, 2009, defendant moved to dismiss the indictment charging him with violating SORNA, which the district court below denied in a Memorandum Decision and Order entered April 10, 2009, 2009 WL 975381. Defendant subsequently pleaded guilty, and a judgment of conviction was entered on September 23, 2009. On appeal, defendant reiterates his challenges to the constitutionality of SORNA, arguing that the Act is an invalid exercise of Congress's power under the Commerce Clause and that his prosecution was invalid because he lacked adequate notice of the federal registration requirement in violation of his due process rights. We assume the parties' familiarity with the facts and procedural history of the case.[1]

The defendant's appeal is wholly precluded in light of our recent decisions in *United States v. Guzman*, 591 F.3d 83 (2d Cir.2010) and *United States v. Hester*, 589 F.3d 86 (2d Cir.2009). In those cases, we considered and rejected a virtually identical set of challenges to the constitutionality of SORNA based on the Commerce Clause and Due Process Clause.

Specifically, in *Guzman* we stated that "[w]e have no difficulty concluding that § 2250(a) is a proper congressional exercise of the commerce power." *Guzman*, 591 F.3d at 90. In *Hester*, we held that as long as the defendant has notice of a corresponding state obligation to register as a sex offender, "a due process challenge to a conviction under 18 U.S.C. § 2250(a) based upon a lack of notice is without merit." *Hester*, 589 F.3d at 92. Here, there is no dispute that the defendant received and affirmatively acknowledged three valid notices.

Because clear circuit precedents fully preclude the defendant's arguments, we **AFFIRM** the judgment of the district court.

---

1. This case was heard in tandem with *United States v. Barrett*, No. 09–5350–cr, because both cases present identical issues on appeal.