09-4115-cr
USA v. Harrison

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                              No.  09-4115-cr

ROBERT GLEN HARRISON,

        *Defendant-Appellant*.

_____

For Appellant:                          Alison S. Arms, Assistant Federal Public Defender
                                        (Michael L. Desautels, *of counsel*), Office of the
                                        Federal Public Defender, District of Vermont,
                                        Burlington, VT

For Appellee:                    Wendy L. Fuller, Assistant United States Attorney
(Gregory L. Waples, Assistant United States Attorney,
*of counsel*), *for* Tristram J. Coffin, United States
Attorney for the District of Vermont, Burlington, VT

Appeal from a judgment of conviction by the United States District Court for the District of Vermont (Sessions, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Robert Glen Harrison was convicted in Vermont on October 26, 1998 of sexual assault of a minor under the age of sixteen. *See* Vt. Stat. Ann. tit. 13, § 3252. As a result, the defendant was obligated to maintain his sex offender registration as required by the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), 18 U.S.C. § 2250(a). On January 5, 2009, defendant moved to dismiss the indictment charging him with violating SORNA, which the district court below denied in a Memorandum Decision and Order entered April 10, 2009. Defendant subsequently pleaded guilty, and a judgment of conviction was entered on September 23, 2009. On appeal, defendant reiterates his challenges to the constitutionality of SORNA, arguing that the Act is an invalid exercise of Congress's power under the Commerce Clause and that his prosecution was invalid because he lacked adequate notice of the federal registration requirement in violation of his due process rights. We assume the parties' familiarity with the facts and procedural history of the case.[1]

The defendant's appeal is wholly precluded in light of our recent decisions in *United States v. Guzman*, 591 F.3d 83 (2d Cir. 2010) and *United States v. Hester*, 589 F.3d 86 (2d Cir.

---

[1] This case was heard in tandem with *United States v. Barrett*, No. 09-5350-cr, because both cases present identical issues on appeal.

2

2009). In those cases, we considered and rejected a virtually identical set of challenges to the constitutionality of SORNA based on the Commerce Clause and Due Process Clause.

Specifically, in *Guzman* we stated that "[w]e have no difficulty concluding that § 2250(a) is a proper congressional exercise of the commerce power." *Guzman*, 591 F.3d at 90. In *Hester*, we held that as long as the defendant has notice of a corresponding state obligation to register as a sex offender, "a due process challenge to a conviction under 18 U.S.C. § 2250(a) based upon a lack of notice is without merit." *Hester*, 589 F.3d at 92. Here, there is no dispute that the defendant received and affirmatively acknowledged three valid notices.

Because clear circuit precedents fully preclude the defendant's arguments, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK