10-3043-cr
United States v. Cruz

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          **Chief Judge**,
      JON O. NEWMAN,
      GERARD E. LYNCH,
                         **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      **Appellee**,

      **-v.-**                                 **10-3043-cr**

RENE SOLIS CRUZ,
      **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | James P. Egan, Federal Public Defender (Lisa Peebles, on the brief). |
| **FOR APPELLEE:** | Brenda K. Sannes, for Richard S. Hartunian, United States Attorneys Office for the Northern District of New York, New York, New York (Tamara B. Thomson, on the brief). |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Rene Solis Cruz appeals from a judgment convicting him of failing to register or update his registration as a sex offender in violation of 18 U.S.C. § 2250, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901, et seq.  Cruz challenges (1) the District Court decision denying his motion to dismiss the indictment, (2) his conviction, and (3) his sentence.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Cruz moved to dismiss the indictment on the ground that SORNA exceeds Congress's authority under the Commerce Clause, violates the Non-Delegation Doctrine, and cannot be applied against him because SORNA has not been implemented by Pennsylvania and New York.  Cruz concedes that each of

these arguments is foreclosed by this Court's precedents in *United States v. Fuller*, 627 F.3d 499 (2d Cir. 2010); *United States v. Van Buren*, 599 F.3d 170 (2d Cir. 2010); *United States v. Guzman*, 591 F.3d 83 (2d Cir. 2010); and *United States v. Hester*, 589 F.3d 86 (2d Cir. 2009) (*per curiam*). *See* Cruz Reply Br. at 1 n.1.

Cruz argues that SORNA violates the Commerce Clause as applied to him because there was an insufficient connection between his interstate travel and his failure to register. Cruz was obligated to register, traveled interstate, and thereafter failed to register. A sufficient connection was established (if further connection was required) by Cruz's statement to a parole officer that he left New York because he did not want to be on parole there and had failed to provide a change of address to avoid being found by the authorities.

**[2]** Cruz also challenges the sufficiency of the evidence. On appeal following a bench trial, we review sufficiency using the "same deferential standard" used when examining a jury's verdict: could "'*any* rational trier of fact . . . [find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Mazza-Alaluf*, 621 F.3d

3

205, 209 (2d Cir.), cert. denied, 131 S. Ct. 583 (2010) (quoting United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009)). We "will set aside a district court's findings of fact [after a bench trial] only if they are clearly erroneous." United States v. Coppola, 85 F.3d 1015, 1019 (2d Cir. 1996).

Cruz concedes that his first argument -- that he had no obligation to update his registration when he left the shelter because he had not yet established a new residence -- is foreclosed by Van Buren, 599 F.3d at 175. See Cruz's Reply Br. at 1 n.1. When Cruz left the shelter, he terminated his residence there, which constituted a change of address under SORNA, requiring an updated registration within three business days. 42 U.S.C. § 16913(c); Van Buren, 599 F.3d at 175.

Second, Cruz argues that insufficient evidence was presented to establish that he was made aware of his registration obligations under SORNA. "[I]gnorance of the law is not [generally] a valid defense to a criminal prosecution," Hester, 589 F.3d at 91, and Cruz cannot avail himself of the narrow exception to that general rule regarding criminal prosecutions predicated on notice or on

4

registration, because he had notice of his obligation to register with the state, id.; see also Fuller, 627 F.3d at 507-08.  In any event, Cruz was informed of his federal registration obligations on at least one occasion, and he conceded (after he was captured) that he knowingly failed to register in Pennsylvania because he did not want to get caught.  See 18 U.S.C. § 2250(a)(3); Fuller, 627 F.3d at 507-08; accord Hester, 589 F.3d at 91-92.

**[3]**  Cruz contends that the District Court should have granted him a reduction in sentence because, as he sees it, he accepted responsibility for his offense.  See U.S.S.G. § 3E1.1, Application Note 2 ("[i]n rare situations," a defendant can proceed to trial and be convicted and still be eligible for an acceptance-of-responsibility reduction if, "for example, . . . a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to the statute or a challenge to the applicability of a statute to his conduct)").  The District Court's refusal of a two-level reduction for acceptance of responsibility "'should not be disturbed unless it is 'without foundation.'"  United States

v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007) (quoting United States v. Harris, 13 F.3d 555, 557 (2d Cir. 1994)).

Cruz cannot sustain his burden of demonstrating that this is one of the rare situations where he is qualified for an adjustment in sentence due to acceptance of responsibility even though he proceeded to trial. See United States v. Smith, 174 F.3d 52, 55 (2d Cir. 1999). Even on appeal, Cruz continues to maintain that there was insufficient evidence to support his guilt. See United States v. Paredes-Batista, 140 F.3d 367, 381 (2d Cir. 1998). Plus, if Cruz sought only to preserve his constitutional challenges to SORNA (as he says), he could have conditionally pleaded guilty and preserved those challenges. See, e.g., United States v. Brewer, 628 F.3d 975 (8th Cir. 2010). That Cruz expressed remorse and responsibility during sentencing -- after putting the government to its burden of proof during trial -- does not compel the conclusion that he accepted responsibility, see U.S.S.G. § 3E1.1, Application Note 2, especially in light of his statement after capture that he failed to register after leaving the state to avoid being caught by the authorities.

Finding no merit in Cruz's remaining arguments, we hereby **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk