15-2070-cr
United States v. Lababneh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

PRESENT:    PIERRE N. LEVAL,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
            PAUL A. ENGELMAYER,
                    *Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,


            v.                                          No. 15-2070-cr


ABDELMAJI K. LABABNEH, AKA ABU KHALAF, AKA DAVID,

                    *Defendant-Appellant.*

------------------------------------------------------------------------


FOR APPELLEE:                      STEVEN D. CLYMER, Assistant United States Attorney of Counsel (Jeffrey C. Coffman, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] Judge Paul A. Engelmayer, of the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:          BARRY A. WEINSTEIN, Goldstein & Weinstein, Bronx, NY.

FOR AMICUS CURIAE:          BORIS BERSHTEYN (Luke T. Taeschler and Deepa Vanamali, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for* National Association of Criminal Defense Lawyers.

Appeal from judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Abdelmaji Lababneh challenges his conviction and 97-month sentence, following a guilty plea, for conspiracy to possess with intent to distribute and to distribute a controlled substance, synthetic cannabinoid XLR11, in violation of 21 U.S.C. §§ 841, 846. On appeal, Lababneh argues that the district court: (1) erroneously determined that the temporary scheduling of XLR11 as a controlled substance was valid; (2) committed substantive error by failing to sufficiently vary his sentence; and (3) committed procedural error by calculating his base offense level using a drug equivalency conversion ratio of 1:167. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we find that Lababneh's first and second arguments are waived. Lababneh's plea agreement included a provision expressly waiving Lababneh's right to appeal his conviction and any sentence of 240 months or less, reserving only the

right to challenge, on direct appeal, the district court's decision at sentencing to calculate Lababneh's base offense level using a conversion ratio of 1:167. During plea proceedings, the district court specifically addressed this provision several times, explaining the waiver to Lababneh, confirming that Lababneh understood it, and verifying that Lababneh had discussed the provision with counsel. On appeal, Lababneh concedes that he agreed to the waiver, yet fails to offer any reason as to why the waiver should not be enforced. We conclude that this waiver is valid, and enforce it here. *See United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam) (recognizing that defendant's "knowing and voluntary waiver of his right to appeal a conviction and sentence" is enforceable); *United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir. 1998) (stating that this Court must enforce valid waiver where it covers appellate issues presented).

We turn now to the issue Lababneh excepted from his waiver: whether the district court erred by calculating his base offense level using the drug equivalency conversion ratio of 1:167. This exception encompasses two arguments, both of which are raised on appeal. First, Lababneh argues that the district court erred in concluding that tetrahydrocannabinol ("THC"), as opposed to marijuana, is the most closely related substance to XLR11. Second, he argues that the guideline provision of U.S.S.G. § 2D1.1 establishing a ratio of 1:167 as between THC and marijuana is arbitrary and irrational.

We find that Lababneh, despite preserving the right to do so, failed to sufficiently raise either challenge below. Accordingly, we review the district court's use of the 1:167

ratio for plain error. *See United States v. Zillgitt*, 286 F.3d 128, 138 (2d Cir. 2002). *See also United States v. Hester*, 589 F.3d 86, 94 (2d Cir. 2009) (per curiam) (finding that, although plea agreement reserved right to challenge denial of motion to dismiss indictment, defendant failed to raise arguments relating to challenge below, and so waived those arguments on appeal). Under this standard of review, a defendant must establish (1) error, (2) that is plain, (3) that prejudicially affected his substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings. *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012). A district court commits procedural error where it "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We review claims of procedural unreasonableness under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

We have no basis for finding plain error here. Where a controlled substance is not specifically referenced in the Guidelines, a court must calculate a defendant's base offense level by using the drug-equivalency ratio for the most closely related controlled substance found in the Guidelines. *See* U.S.S.G. § 2D1.1 cmt. n.6. In determining the most closely related controlled substance, a court must consider, "to the extent practicable":

4

(A) Whether the controlled substance not referenced in this guideline has a chemical structure that is substantially similar to a controlled substance referenced in this guideline;

(B) Whether the controlled substance not referenced in this guideline has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance referenced in this guideline; and

(C) Whether a lesser or greater quantity of the controlled substance not referenced in this guideline is needed to produce a substantially similar effect on the central nervous system as a controlled substance referenced in this guideline.

*Id.* Lababneh's presentence investigation report ("PSR") described XLR11 as a chemical compound that mimics THC, the active ingredient in marijuana. The PSR then calculated Lababneh's base offense level using THC's marijuana-equivalency ratio of 1:167, pursuant to U.S.S.G. § 2D1.1 cmt. n.8(D). Lababneh did not object to either the PSR's description of XLR11 or to its calculation of his offense level. At sentencing, the district court adopted the PSR's unobjected-to offense-level calculation, but ultimately imposed a non-Guidelines sentence of 97 months' imprisonment—reflecting a significant variance below the sentencing range calculated under the Guidelines of 168 to 210 months—due to the "somewhat high disparity in the guidelines scoring for this offense involving synthetic marijuana as opposed to regular marijuana," the Guidelines' treatment of Lababneh's criminal history, and Lababneh's willingness and attempts to cooperate. App'x at 92–93.

5

On appeal, Lababneh argues that XLR11 is more closely related to marijuana than THC, and that the district court erred in finding THC the closer comparator. But Lababneh did not provide evidentiary support for that contention below (indeed, he acceded to the PSR's use of the 1:167 ratio to calculate his guideline range, pursuing instead—successfully—a variance from that range) and does not do so on appeal either. On the record at hand, therefore, the district court's finding that XLR11 is most closely related to THC cannot be held clearly erroneous, let alone plainly so.

Lababneh next argues that the 1:167 equivalency ratio as between THC and marijuana employed by the Guidelines is arbitrary and irrational. But this contention, too, was not properly raised in the district court. Lababneh's challenge to the use of that ratio consisted only of a conclusory argument, in support of a variance or departure, that "there is no rational basis for" it, and that it "vastly overrepresents the seriousness of the offense." App'x at 67–68. Lababneh did not support that argument with scientific, or other, evidence, and once again fails to do so on appeal. As such, the district court did not abuse its discretion, and therefore did not commit plain error, by using the drug equivalency ratio set out in the Guidelines as the "starting point and the initial benchmark" for sentencing, *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (internal quotation marks and citation omitted), and then employing a variance as the means to accommodate various mitigating factors, including the district court's perceived disparity between the Guidelines' treatment of THC as opposed to ordinary marijuana.

We therefore reject Lababneh's challenges, but express no view as to whether XLR11 is more closely related to THC or marijuana, or as to the wisdom as a matter of policy of the 1:167 ratio used in the Guidelines for cases involving THC. We have considered Lababneh's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court