■ In the Matter of ARDON II., Alleged to be a Juvenile Delinquent, Appellant. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Yesawich Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered June 6, 1990, which, in a proceeding pursuant to Family Court Act article 3, adjudicated respondent a person in need of supervision.

Family Court accepted the 14-year-old respondent's admission that he had stolen numerous items from a local department store. Implementing an agreement entered into by counsel, the court thereupon substituted a person in need of supervision finding for a juvenile delinquency adjudication. Following a dispositional hearing, respondent was placed with petitioner pending placement in family care.

Respondent argues on appeal that he should have been afforded a mental examination. Such an examination is mandatory whenever the court "is of the opinion that the respondent may be an incapacitated person" (Family Ct Act § 322.1 [1]). An incapacitated person is one who, because of mental illness, mental retardation or developmental disability, lacks capacity to understand the proceedings against him or to assist in his own defense (Family Ct Act § 301.2 [13]). Inasmuch as there are repeated indications in the record that respondent was mentally retarded, brain damaged and unable to understand the court proceedings, Family Court should have ordered a mental examination even though not requested by respondent or the Law Guardian.

Remitting for this purpose is not an exercise in slavish adherence to procedure, for the outcome of the examination will bear on the disposition to which respondent can properly

be subjected. If incapacity was to be found and there was probable cause to believe that respondent committed a misdemeanor, he would be committed to the custody of either the Commissioner of Mental Health or the Commissioner of Mental Retardation and Developmental Disabilities, as may be appropriate, for a period not to exceed 90 days and the juvenile delinquency petition would be dismissed (see, Family Ct Act § 322.2 [4]). In contrast, here Family Court placed respondent in the custody of petitioner for 18 months.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this court's decision.