■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORRESTAL GRAY, Appellant. [607 NYS2d 828] —Judgment unanimously affirmed. Memorandum: In a prior appeal, we reserved decision and remitted the matter for a reconstruction hearing on the issue of defendant's competency to stand trial *(People v Gray,* 190 AD2d 1057; *see, People v Armlin,* 37 NY2d 167). We determined that the court, by ordering a psychiatric examination of defendant, triggered the statutory requirement that defendant undergo two examinations, pursuant to CPL 730.20. Upon remittitur, the hearing court concluded that the proof at the reconstruction hearing established defendant's competency at the time of trial. We reject the argument, made for the first time on appeal, that the denial of defendant's statutory right to two psychiatric examinations could not be cured by a reconstruction hearing. Defendant requested either reversal or a reconstruction hearing, and the latter remedy was provided. Furthermore, that remedy is authorized in the circumstances of this case *(see, People v Armlin, supra).*

We reject the contention of defendant that the People failed to prove beyond a reasonable doubt that he subjected the

complainant to sexual contact by touching "sexual or other intimate parts" of her body (Penal Law § 130.00 [3]; § 130.65). The complainant testified that defendant moved his hand beneath her underwear toward her pelvic area and that he touched her upper leg. That constituted sexual contact within the meaning of Penal Law § 130.00 (3) *(see, People v Ditta,* 52 NY2d 657, 660-661; *see, e.g., People v Watson,* 171 AD2d 826, 827, *lv denied* 78 NY2d 1015; *People v Felton,* 145 AD2d 969, 971, *lv denied* 73 NY2d 1014). Defendant's sentence is neither harsh nor excessive. (Resubmission of Appeal from Judgment of Erie County Court, McCarthy, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Fallon and Boehm, JJ.