■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. HARRIS, Appellant. [817 NYS2d 820]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered June 23, 2004. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the second degree (two counts), attempted sodomy in the second degree, sodomy in the second degree, attempted rape in the second degree and attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of sexual abuse in the second degree (Penal Law § 130.60 [2]), defendant contends that the evidence is legally insufficient to support the conviction of one of the two counts of sexual abuse because the People failed to establish that he subjected the complainant at issue to the requisite sexual contact. We reject that contention. The term sexual contact is defined in relevant part as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party" (§ 130.00 [3]). The testimony of the complainant at issue that defendant placed his hand beneath her underwear, below her navel and near her "pubic area" and "pelvic area," is legally sufficient to establish the requisite sexual contact (*see People v Gray*, 201 AD2d 961, 961-962 [1994], *lv denied* 83 NY2d 1003 [1994]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contentions, the verdict is

not against the weight of the evidence (*see generally Bleakley,* 69 NY2d at 495), and County Court did not abuse its discretion in refusing to afford defendant youthful offender status (*see generally People v DePugh,* 16 AD3d 1083, 1083-1084 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.