In the Matter of JAMES C., a Person Alleged to be a Juvenile Delinquent. JOSEPH J. SLUZAR, as Broome County Attorney, Respondent. JAMES C., Appellant. [843 NYS2d 720]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 12, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent and committed him to the custody of the Commissioner of Mental Retardation and Developmental Disabilities for a period of one year.

In October 2006, petitioner commenced this juvenile delinquency proceeding against respondent (born in 1993), charging him with acts that, if committed by an adult, would constitute sexual abuse in the first degree. Respondent had previously been found to be an incapacitated person in connection with a separate proceeding and, on the consent of the parties, Family Court adjudged him an incapacitated person herein without conducting a new capacity hearing. Following a probable cause hearing, Family Court determined that there was probable cause

to believe that respondent committed the acts charged, dismissed the juvenile delinquency proceeding, and committed respondent to the custody of the Commissioner of Mental Retardation and Developmental Disabilities for a period not to exceed one year. Respondent appeals, asserting that Family Court erred in finding probable cause to believe he committed acts that would constitute sexual abuse in the first degree if committed by an adult. We disagree.

At a probable cause hearing, Family Court is required to determine "whether it is reasonable to believe that a crime was committed[,] and . . . that the respondent committed such crime" (Family Ct Act § 325.3 [1]).* Here, although the seven-year-old victim had difficulty remembering and describing the event, she testified that respondent "touched [her] private parts" and vagina, and that he "gave [her] a hickey" by sucking on her neck. Her testimony was corroborated by her father, who stated that after he saw respondent hug and tackle the victim onto her bed, he noticed a quarter-sized bruise on the victim's neck. According due deference to Family Court's resolution of any issues regarding the victim's credibility (*see e.g. Matter of Zachary A.*, 307 AD2d 464, 465 [2003]), this evidence established probable cause that respondent committed the elements of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]; *Matter of Michael J.*, 267 AD2d 126, 126 [1999]; *Matter of David V.*, 226 AD2d 319, 319 [1996]; *see also People v Harris*, 31 AD3d 1189, 1189 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Gray*, 201 AD2d 961, 962 [1994], *lv denied* 83 NY2d 1003 [1994]). We note, however, that inasmuch as the acts of which respondent was accused constitute a felony, rather than a misdemeanor, the court's dismissal of the juvenile delinquency petition was premature (*see* Family Ct Act § 322.2 [5] [b], [d]; *cf. Matter of Ardon II.*, 175 AD2d 355, 355-356 [1991]), and we therefore modify by reinstating the petition.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reinstating the petition, and, as so modified, affirmed.

---

* If Family Court finds a respondent to be incapacitated—which is not disputed here—and probable cause to believe the respondent committed a felony, "it shall order the respondent committed to the custody of the . . . commissioner of mental retardation and developmental disabilities for an initial period not to exceed one year" (Family Ct Act § 322.2 [5] [a]).