09-3106-cr
United States v. Romeo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*,

--------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                       No. 09-3106-cr

PATRICK ROMEO,
*Defendant-Appellant*.

--------------------------------------------------------

APPEARING FOR APPELLANT:     JAMES P. EGAN, Research & Writing Specialist (Melissa A. Tuohey, Assistant Federal Public Defender, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Syracuse, New York.

APPEARING FOR APPELLEE:      PAUL D. SILVER, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 17, 2009, is AFFIRMED in part and REMANDED for proceedings consistent with this order.

Defendant Patrick Romeo was convicted, following a guilty plea,[1] of one count of failing to register or update his registration in violation of the Sex Offender Registration and Notification Act ("SORNA" or "Act"). See 18 U.S.C. § 2250(a). Romeo challenges his conviction on the grounds that SORNA (1) exceeds Congress's legislative authority under the Commerce Clause; (2) unconstitutionally delegates legislative authority to the United States Attorney General; and (3) was inapplicable to Romeo at the time of his failure to register because California and New York had yet to implement the Act's registration requirements. Romeo further challenges his sentence of 66 months' incarceration, a variance from his 27-to-33-month Guidelines range, as both procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

---

[1] Before entering his guilty plea, Romeo moved to dismiss the indictment on various grounds, including those raised on appeal. His conditional plea agreement preserved his right to challenge both the district court's denial of his motion to dismiss the indictment and any sentence longer than 18 months' incarceration.

1.    Standards of Review

We review de novo the district court's legal conclusions, including those interpreting and determining the constitutionality of federal statutes.  See United States v. Stewart, 590 F.3d 93, 109 (2d Cir. 2009); City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir. 2008).  We review defendants' sentencing challenges under an abuse-of-discretion standard that "incorporates de novo review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact."  United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008); see also United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).  We will set aside a district court's sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted).

2.    SORNA

Romeo's SORNA challenges are foreclosed by recent precedents of this court issued after Romeo initiated his appeal.

Romeo's Commerce Clause argument fails in light of United States v. Guzman, 591 F.3d 83, 89-90 (2d Cir. 2010), in which this court held that 18 U.S.C. § 2550(a) reflects a proper exercise of Congress's Commerce Clause powers under the framework set forth in United States v. Lopez, 514 U.S. 549 (1995).  To the extent the Act's registration requirements regulate intrastate activity, Guzman upholds such regulation as "a perfectly

3

logical way to help ensure that states will more effectively be able to track sex offenders when they do cross state lines." 591 F.3d at 91.

Guzman similarly disposes of Romeo's delegation argument. Noting a circuit split over whether 42 U.S.C. § 16913(d) does, in fact, authorize the Attorney General to determine whether SORNA applies to pre-enactment sex offenders, Guzman concluded that, even if it did, no delegation problem exists because the Attorney General's authority is "highly circumscribed." United States v. Guzman, 591 F.3d at 93.

Finally, Romeo's argument that SORNA did not yet apply to him at the time of indictment because California, where he committed his underlying sex offense, and New York, where he failed to register, had yet to implement SORNA's registration requirements is foreclosed by United States v. Hester, 589 F.3d 86 (2d Cir. 2009). Hester held that a state's failure to implement SORNA's particular registration scheme does not excuse a defendant's failure to meet his SORNA obligations by registering with state programs already in existence. See id. at 93; United States v. Guzman, 591 F.3d at 93 ("SORNA creates a federal duty to register with the relevant existing state registries regardless of state implementation of the specific additional requirements of SORNA."). Here, it is undisputed that Romeo was subject to existing registration regimes in both California and New York.

In sum, we reject Romeo's challenges to SORNA and its application to his conduct as without merit. We therefore affirm his conviction.

4

3.      Sentencing Challenges

a.      Procedural Reasonableness

Romeo asserts procedural error in the district court's imposition of an eight-level Guidelines enhancement applicable when an unregistered sex offender commits a sex offense against a minor.  See U.S.S.G. § 2A3.5(b)(1)(C).  Romeo argues that the district court's finding that he committed a sex offense while unregistered is clearly erroneous.  He further submits that the district court's misreading of the record infected its decision to impose a non-Guidelines sentence.  We reject Romeo's Guidelines challenge, but we cannot confidently conclude that a factual error did not inform the non-Guidelines sentence.

(1)      The Guidelines Calculation

For purposes of the challenged Guidelines enhancement, a "sex offense" is, in pertinent part, any crime including as an element a sexual act or sexual contact with another. See U.S.S.G. § 2A3.5(b)(1)(C), cmt. n.1 (cross-referencing 42 U.S.C. § 16911(5)).  Under New York law, a person commits sexual abuse in the first or second degree when he subjects a person less than eleven or fourteen years old, respectively, to "sexual contact," N.Y. Penal Law §§ 130.65(3), 130.60(2), defined broadly to include "any touching [whether direct or through clothing] of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party," id. § 130.00(3). New York courts have held that the upper leg and upper thigh are intimate parts within the meaning of the statute, see People v. Gray, 201 A.D.2d 961, 962, 607 N.Y.S.2d 828, 829 (4th Dep't 1994);

5

People v. Morbelli, 144 Misc. 2d 482, 487, 544 N.Y.S.2d 442, 445-46 (N.Y. Crim. Ct. 1989); 35A N.Y. Jur. 2d: Criminal Law: Substantive Principles and Offenses § 663; see also James v. Mukasey, 522 F.3d 250, 258 (2d Cir. 2008) (stating that New York's definition of "sexual contact" is broader than federal statute's definition of sexual contact to include touching of "genitalia, anus, groin, breast, inner thigh, or buttocks" (internal quotation marks omitted)). The required purpose to gratify sexual desire can be inferred from the circumstances of the conduct. See In re Najee A., 26 A.D.3d 258, 258-59, 809 N.Y.S.2d 80, 80 (1st Dep't 2006); People v. Beecher, 225 A.D.2d 943, 944-45, 639 N.Y.S.2d 863, 865 (3d Dep't 1996); see also People v. Teicher, 52 N.Y.2d 638, 646, 439 N.Y.S.2d 846, 850 (1981) (rejecting argument that touching was "too fleeting" to establish sexual gratification element because statute "does not require that actual gratification occur, but only that the touching be for that purpose").

The district court determined that Romeo had committed a sex offense against "more than one minor . . . by touching and rubbing their inner thighs and by pulling them up against [his] body and rubbing up against them." Sent'g Tr. at 9-10. These findings are supported by paragraphs 35 and 37 of the Presentence Report ("PSR"), which detail acts sufficient to support a preponderance finding that Romeo committed sexual abuse in the first and second degree under New York law.

As acknowledged by the government, the district court erred in referring to "supporting deposition[s] from four minors" as further evidence supporting its factual

6

findings. Sent'g Tr. at 9. The supporting depositions were, in fact, provided by parents of the allegedly abused minors and a social worker. Whether the district court misperceived the identities of the deposed persons or simply misspoke in describing them, any error was harmless, as the record evidence was more than sufficient for the district court to conclude, by a preponderance, that Romeo did commit sex offenses. See United States v. Williams, 524 F.3d 209, 214 (2d Cir. 2008) (recognizing that procedural error at sentencing can be reviewed for harmlessness).

Accordingly, we reject Romeo's challenge to the district court's Guidelines calculation as without merit.

### (2)    The Challenged Variance

Romeo argues that the district court based its decision to impose a non-Guidelines sentence on a clearly erroneous factual finding that Romeo victimized four minors in New York, "ages 7 to 12," Sent'g Tr. at 12, in addition to the fifteen-year-old girl whose abuse in California served as the basis for the conviction triggering Romeo's reporting obligation. Because Romeo failed to object to the district court's finding as to the number of alleged victims, we review this aspect of his sentencing challenge for plain error.[2] See Fed. R. Crim.

---

[2] At oral argument, Romeo suggested through counsel that he preserved the identified error by arguing that he did not abuse any children. We are not persuaded. Romeo argued to the district court that his alleged conduct was not sexual in nature, not that the alleged conduct did not occur. Further, his objections raised in connection with the district court's imposition of a Guidelines enhancement pursuant to U.S.S.G. § 2A3.5(b)(1)(C) did not put the district court on notice that it had misunderstood the number of alleged victims in deciding to impose a non-Guidelines sentence. See United States v. Gallerani, 68 F.3d 611, 617 (2d Cir. 1995) ("To preserve an objection for appellate review, a defendant must

7

P. 52(b); United States v. Needham, 604 F.3d 673, 678 (2d Cir. 2010) (recognizing that plain error analysis requires (1) error, (2) that is plain, (3) that affects defendant's substantial rights, and (4) that seriously affects fairness, integrity, or public reputation of judicial proceedings). Here, the PSR and supporting depositions do indicate error, in that three, not four, minors were victimized in New York. Although confusion on the point is understandable, see PSR ¶ 10 (referring to four victims, ages 7 to 12); ¶ 35 (discussing defendant's conduct with respect to boys ages seven, nine, ten, and twelve), the depositions, which reference the children by name, indicate that three boys were victimized by Romeo.[3] The government confirms as much when it explains that although "documents before the district court variously refer to the 9-year-old boy and to the 10-year-old boy," this is "the same child." Gov't Br. at 8 n.5.

It is plain that imposition of sentence based on clearly erroneous facts constitutes "significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007); accord United States v. Cavera, 550 F.3d at 190. We are doubtful, however, that the identified error affected Romeo's substantial rights. Cf. United States v. Thomas, 274 F.3d 655, 669 (2d Cir. 2001) (en banc) (recognizing sentencing error of 52 months to affect substantial rights). Given the district court's stated concern over Romeo's repeated efforts to cultivate and abuse

articulate it to the trial court with sufficient distinctness to alert the court to the nature of the claimed defect."); accord United States v. Gordon, 291 F.3d 181, 190 (2d Cir. 2002).

[3] Even if Romeo's improper touching rose to the level of "sexual abuse" only with respect to two of these children, the district court was entitled to consider Romeo's touching of a third child in determining whether to impose a sentence within or outside the Guidelines. See United States v. Cavera, 550 F.3d at 190-91 (citing 18 U.S.C. § 3661).

8

relationships of trust with children, see Sent'g Tr. at 11, it might well have imposed the same sentence regardless of whether Romeo's contact was with three New York minors or four. If so, any procedural error in identifying the number of children at issue would be harmless and, therefore, not prejudicial under plain error analysis. See United States v. Gomez, 580 F.3d 94, 100, 102 (2d Cir. 2009). We cannot be certain on the record before us, however, that the error played no role in the court's imposition of sentence. In these circumstances, we remand with a direction that, after hearing from the parties, the district court indicate on the record whether a correct understanding of the number of victims would have made a difference in the sentence imposed. See generally United States v. Crosby, 397 F.3d 103 (2d Cir. 2005); United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994).

If the district court indicates on remand that the sentence would have been the same as originally imposed, the identified error would be harmless. On the other hand, if the district court states that it would have imposed a different sentence had it correctly understood the number of victims, the court is directed to vacate the sentence, arrange for defendant's appearance, and proceed to resentencing. See United States v. Crosby, 397 F.3d at 120.

Either party may invoke the jurisdiction of this Court to consider a subsequent appeal from whatever final decision the district court makes by notifying the Clerk within fourteen days of the district court's decision. See id. (citing United States v. Jacobson, 15 F.3d 19). Any such renewed appeal will be assigned to this panel.

9

b.    Substantive Reasonableness

Because we identify a procedural defect in Romeo's sentence that warrants remand, we do not now reach his challenge to the substantive reasonableness of the term of incarceration.  See United States v. Cavera, 550 F.3d at 190 (recognizing that upon identification of procedural error "one proper course" is to remand so district court "can either explain what it was trying to do, or correct its mistake and exercise its discretion anew" rather than proceed to review for substantive reasonableness); United States v. Crosby, 397 F.3d at 120.

4.    Conclusion

We have considered Romeo's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM Romeo's conviction and REMAND his sentence for proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court