09-3106-cr
United States v. Romeo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand ten.

PRESENT:  REENA RAGGI,
                   GERARD E. LYNCH,
                   DENNY CHIN,
                           *Circuit Judges.*

--------------------------------------------------------
UNITED STATES OF AMERICA,
                   *Appellee*,

                   v.                                                    No. 09-3106-cr

PATRICK ROMEO,
                   *Defendant-Appellant.*
--------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES P. EGAN, Research & Writing Specialist (Melissa A. Tuohey, Assistant Federal Public Defender, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Syracuse, New York.

APPEARING FOR APPELLEE:          PAUL D. SILVER, Assistant United States Attorney (Lisa M. Fletcher, Assistant United

1

States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 17, 2009, is AFFIRMED.

Defendant Patrick Romeo was convicted, following a guilty plea, of one count of failing to register or update his registration in violation of the Sex Offender Registration and Notification Act ("SORNA"). See 18 U.S.C. § 2250(a). Romeo originally appealed his conviction on the grounds that SORNA's registration requirements were unconstitutional and did not apply to Romeo at the time of his failure to register. Romeo further challenged his sentence of 66 months' incarceration, a variance from his 27-to-33-month Guidelines range, as both procedurally and substantively unreasonable. We affirmed Romeo's conviction, but remanded his sentence to the district court for consideration of whether an identified procedural error had been harmless. See United States v. Romeo, 385 F. App'x 45 (2d Cir. 2010). We did not reach the substantive reasonableness challenge, but left it open to either party to invoke the jurisdiction of this court to consider a subsequent appeal from the district court's final decision. See id. at 51. On remand, the district court indicated that the procedural error had been harmless. Romeo now invokes this court's jurisdiction to hear his

2

substantive reasonableness challenge and requests permission to submit additional briefing. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review sentencing challenges under an abuse-of-discretion standard that "incorporates de novo review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact." United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008); see also United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 188-89 (emphasis and internal quotation marks omitted). The question is not whether we "might reasonably have concluded that a different sentence was appropriate." Gall v. United States, 552 U.S. 38, 51 (2007). We consider only "whether the sentence imposed falls within the broad range that can be considered reasonable." United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

Because the issue of substantive reasonableness was thoroughly addressed in the parties' original briefs, we conclude that no further briefing is necessary and the matter is ripe for decision. Romeo argues that the district court relied too heavily on allegations of

3

conduct distinct from the crime of conviction – inappropriate contact with children during his period of non-registration – in deciding to vary upwards from the Guidelines range of 27 to 33 months to a sentence of 66 months' incarceration. He contends that these allegations lacked sufficient evidentiary support to justify such a variance. We are not persuaded.

The district court found by a preponderance of the record evidence that Romeo "committed a sex offense against more than one minor as an unregistered sex offender by touching and rubbing their inner thighs and by pulling them up against [his] body and rubbing up against them as well as having them take showers at [his] residence while there was no adult supervision present." Sentencing Tr. at 9-10, United States v. Romeo, No. 08-CR-694 (N.D.N.Y. July 14, 2009). After considering the required statutory factors, see 18 U.S.C. § 3553(a), the district court concluded that an above-Guidelines sentence was warranted due to both "aggravating circumstances of a kind and to a degree that are not adequately taken into consideration by the" Guidelines, and the need to protect the public and provide adequate specific deterrence, Sentencing Tr. at 10-11. On this record, we do not deem this one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). Thus, we reject the claim that the sentence is substantively unreasonable.

4

We have considered Romeo's other arguments on appeal and conclude that they are without merit.  Accordingly, we DENY the request for further briefing and AFFIRM the judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court