*Rodriguez v. Barr*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term 2019

(Argued: February 13, 2020    Decided: September 18, 2020)

Docket No. 18-1070

NELSON N. RODRIGUEZ, AKA NELSON NEFTALI RODRIGUEZ, AKA NELSON
PEREZ,

*Petitioner,*

–v.–

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

B e f o r e :

WINTER, WALKER, and CARNEY, *Circuit Judges.*

Nelson N. Rodriguez, a native and citizen of El Salvador, petitions for review of a 2018 decision of the Board of Immigration Appeals ("BIA") finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an "aggravated felony" as defined by § 101(a)(43)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(A). Section 101(a)(43)(A) defines "aggravated felony" as including the "murder, rape, or sexual abuse of a minor." *Id.* The agency found that Rodriguez was convicted of "sexual abuse of a minor" based on Rodriguez's 2010 New York state conviction under New York Penal Law § 130.65(3) for sexual abuse in the first degree.

Section 130.65 makes a class D felony of "subject[ing] another person to sexual contact" in circumstances including, under § 130.65(3), "when the other person is less than eleven years old."

On this petition for review, Rodriguez contends that § 130.65(3) criminalizes more conduct than the federal definition of "sexual abuse of a minor" covers; thus, he urges, applying the categorical approach, the state conviction cannot support his removal on aggravated felony grounds. We are not persuaded. State statutory definitions and case law establish that a conviction under § 130.65(3) requires both that the victim be under the age of eleven and that the perpetrator's contact with the victim be "for the purpose of gratifying sexual desire." *See* N.Y. Penal Law § 130.00(3) (defining "sexual contact" for purposes of § 130.65). This is enough to bring Rodriguez's state conviction sufficiently into alignment with the definition of "sexual abuse of a minor," which the agency has construed broadly. *See In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 1004 (BIA 1999). We therefore conclude that Rodriguez has been convicted of an "aggravated felony" under the INA. Accordingly, we DISMISS his petition for review in accordance with the jurisdictional restrictions imposed by 8 U.S.C. § 1252(a)(2)(C) and (D).

Petition DISMISSED.

————————

DAVID B. TOSCANO (Edmund Polubinski III, *on the brief*), Davis Polk & Wardwell LLP, New York, NY, *for Petitioner*.

REBEKAH NAHAS, Trial Attorney (Joseph H. Hunt, Assistant Attorney General; Jennifer J. Keeney, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

————————

PER CURIAM:

Nelson N. Rodriguez, a native and citizen of El Salvador, petitions for review of a 2018 decision of the Board of Immigration Appeals ("BIA") finding him removable for having committed an aggravated felony as defined by § 101(a)(43)(A) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(A). Section 101(a)(43)(A) provides that "[t]he term aggravated felony means—(A) murder, rape, or sexual abuse of a minor." In Rodriguez's case, the agency's aggravated felony finding rested on its determination that he had been convicted in New York State of a crime that qualified as "sexual abuse of a minor." That determination, in turn, stemmed from Rodriguez's 2010 conviction, after a guilty plea, for sexual abuse in the first degree under New York Penal Law § 130.65(3). Section 130.65 makes it a felony in New York to "subject[] another person to sexual contact" in several listed circumstances, including—as relevant here—"[w]hen the other person is less than eleven years old." N.Y. Penal Law § 130.65(3).

On this petition for review, Rodriguez contends that § 130.65(3) criminalizes more conduct than is covered by the INA term "sexual abuse of a minor." Therefore, he urges, the New York conviction is not correctly treated as an INA aggravated felony, may not serve as a basis for removal under 8 U.S.C. § 1227(a)(2)(A)(iii),[1] and does not render him ineligible for cancellation of removal.

We cannot agree. Although—as we have observed in past decisions—the New York statute sweeps broadly, on due consideration we cannot say that it reaches farther than does the generic INA crime of sexual abuse of a minor, as construed by the BIA in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999), a decision we have deferred to in the past. *See, e.g.*, *Mugalli v. Ashcroft*, 258 F.3d 52, 58-59 (2d Cir. 2001). Limitations imposed by relevant state definitions and caselaw ensure that the state statute does not extend beyond the federal definition: a conviction under § 130.65(3) requires both that

---

[1] Section 1227(a)(2)(A)(iii) of U.S. Code title 8 provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

the victim be under the age of eleven and that the perpetrator's "sexual contact" with the victim be "for the purpose of gratifying sexual desire." N.Y. Penal Law § 130.00(3). *See, e.g.*, *People v. Teicher*, 52 N.Y.2d 638, 646 (1981); *People v. Morbelli*, 544 N.Y.S.2d 442, 443 (N.Y. Crim. Ct. 1989). Accounting for both of these components of the state crime, we conclude that § 130.65(3) criminalizes no greater range of conduct than does the INA's crime of "sexual abuse of a minor": both reach a "broad range of maltreatment [of children] of a sexual nature." *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996.[2] Rodriguez was therefore convicted of an "aggravated felony" within the meaning of INA § 101(a)(43)(A), as the BIA correctly concluded.

Because our jurisdiction to review petitions brought by aliens convicted of aggravated felonies is limited to questions of statutory and constitutional law, our determination that Rodriguez was convicted of an aggravated felony compels us to **DISMISS** his petition for review.

## BACKGROUND

The relevant facts are both briefly stated and uncontested. Rodriguez, a native and citizen of El Salvador, entered the United States in 1983 at age eight as a lawful permanent resident ("LPR"). In 2010, at about age 35, he was convicted in New York upon his guilty plea to two crimes: (1) sexual abuse in the first degree under § 130.65(3) and (2) endangering the welfare of a child under New York Penal Law § 260.10(1).[3]

---

[2] Unless otherwise indicated, this Opinion omits internal quotation marks, alterations, footnotes, and citations from quotations of caselaw and the parties' briefs.

[3] Rodriguez had been indicted on six counts of sexual abuse in the first degree, N.Y. Penal Law § 130.65(3); one count of rape in the first degree, N.Y. Penal Law § 130.35(3); three counts of criminal sexual act in the first degree, N.Y. Penal Law § 130.50(3); and one count of endangering the welfare of a child, N.Y. Penal Law § 260.10(1).

In 2016, the U.S. Department of Homeland Security ("DHS") charged Rodriguez as removable based his convictions under § 130.65(3) and § 260.10(1). The Notice to Appear advised Rodriguez that he was subject to removal because he had been convicted of an "aggravated felony" under INA § 101(a)(43)(A) and "a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment" under INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i).

Rodriguez challenged the proposition that he was removable based on his § 130.65(3) conviction, arguing that the crime did not constitute an aggravated felony under INA § 101(a)(43)(A). DHS responded that § 130.65(3) constituted an aggravated felony under the INA based in part on the expansive definition of "sexual abuse of minor" provided in the federal criminal code, 18 U.S.C. § 3509(a).[4]

In November 2017, an immigration judge ("IJ") held that Rodriguez's conviction under § 130.65(3) qualified as the "sexual abuse of a minor" under the INA and was therefore an aggravated felony. In April 2018, the BIA affirmed the IJ's decision.

Rodriguez timely petitioned for review. We granted a stay and appointed pro bono counsel to brief the question whether Rodriguez's conviction under § 130.65(3) was a valid predicate for the agency's aggravated felony determination.

## DISCUSSION

Our disposition of Rodriguez's petition turns on the question whether a conviction under § 130.65(3) constitutes the crime of "sexual abuse of a minor" as the phrase is used in INA § 101(a)(43)(A) to define one type of "aggravated felony."[5] The

---

[4] DHS also urged that Rodriguez waived any challenge to his removability for a "crime of child abuse" under INA § 237(a)(2)(E)(i), but in its briefing did not provide further support for removal on this basis. Because it was not a ground relied on by the agency in the subsequent adjudication, we do not address it further here.

[5] During the agency proceedings, Rodriguez unsuccessfully pursued several other claims for

5

answer to that question, in turn, depends on whether § 130.65(3) criminalizes conduct that the federal definition of "sexual abuse of a minor" does not. Rodriguez submits that the state definition reaches farther, and we have in the past suggested (but not held) as much, *see James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008). The agency defends its decision.

We review *de novo* the BIA's determination of this legal question. *See Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142-43 (2d Cir. 2008). Because, in the agency's view, Rodriguez has been convicted of an aggravated felony, our jurisdiction in this case is limited to questions of law. *See* 8 U.S.C. § 1252(a)(2)(C) and (D). As to such questions, we review the agency's rulings *de novo*, except with regard to the agency's construction of the INA, as to which we owe its reasonable determinations *Chevron* deference. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

We apply the familiar "'categorical approach' to determine whether a state criminal conviction constitutes an aggravated felony under the INA." *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015). Under this approach, we "look to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Id*. As we do so, we focus on identifying the minimum criminal conduct necessary to sustain a conviction under the state statute; "the factual aspects of a defendant's situation are immaterial." *Dos Santos v. Gonzales*, 440 F.3d 81, 84 (2d Cir. 2006); *see also Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013).[6]

---

relief. He does not seek review of those claims here. *See* Pet'r's Br. at 7 n.3 ("The immigration judge also held that Mr. Rodriguez was ineligible for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. The BIA affirmed these holdings, which are not at issue in this appeal.").

[6] The parties agree, as do we, that in light of the separate crimes created by the four subsections of § 130.65, the "modified categorical approach" applies here. Under either the categorical or the

Turning first to the federal statute: As observed above, § 101(a)(43)(A) of the INA defines the term "aggravated felony" to include convictions for "sexual abuse of a minor." In its 1999 decision *In re Rodriguez-Rodriguez*, the BIA described the phrase's addition in 1996 to the INA definition of "aggravated felony" as part of an "expansion" of the list of qualifying crimes undertaken by Congress in the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"). 22 I. & N. Dec. at 994.

To construe the phrase, the BIA looked first to what it deemed from a contemporaneous dictionary to be the "common usage" of the term "sexual abuse of a minor." *Id.* at 996; *see generally Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). Having done so, it observed that "the common usage of the term ['sexual abuse'] includes a broad range of maltreatment of a sexual nature." *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996.

It also looked as a "guide" to the definition of "sexual abuse" found in § 3509 of U.S. Code title 18, a provision entitled "Child victims' and child witnesses' rights." *Id.* at 995-96. Section 3509 does not refer to INA § 101(a)(43)(A), nor does § 101 refer to § 3509. Still, § 3509 defines "sexual abuse" to "include[] the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct." 18 U.S.C. § 3509(a)(8). It further gives a detailed definition of "sexually explicit conduct," which we provide in the margin, and which focuses on sexual intercourse and "intentional touching" of a list of body parts with an intent, among other possible intentions, to "arouse or gratify [the] sexual desire of any person."[7] *Id.* at

---

modified categorical approach, however, we are to take no heed of the petitioner's actual conduct.

[7] More fully, § 3509(a)(9) provides that "the term 'sexually explicit conduct' means actual or simulated . . . sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact . . . ; sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks

§ 3509(a)(9). Thus, in addition to the precise physical conduct of a perpetrator, the definition provided in § 3509 focuses on the intent behind the types of physical touching that it catalogues. *Id*.

Looking to the dictionary, the text of § 3509, and also what it deemed to be the relevant legislative history of the INA phrase, the BIA then proceeded to construe the INA phrase "sexual abuse of a minor" broadly to cover the Texas crime at issue in that case: the knowing exposure of the genitals in the presence of a child, "with intent to arouse or gratify the sexual desire of any person." *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 998. It ruled that the phrase was intended to include not just crimes that involved physical sexual contact, but also to "capture[] th[e] broad spectrum of sexually abusive behavior" and "encompass the numerous state crimes that can be viewed as sexual abuse and the diverse types of conduct that would fit within the term as it commonly is used." *Id*. at 996.

We have accorded *Chevron* deference to this far-reaching construction on several past occasions. *See, e.g.*, *James v. Mukasey*, 522 F.3d 250, 253-54 (2d Cir. 2008) (according *Chevron* deference to BIA's interpretation of term "sexual abuse of a minor" in INA § 101(a)(43)(A)); *Santos v. Gonzales*, 436 F.3d 323, 325 (2d Cir. 2006) (same); *Mugalli v. Ashcroft*, 258 F.3d 52, 60 (2d Cir. 2001) (same). Telling with respect to the breadth and flexibility we have accorded the BIA definition in the past, we determined in *Oouch v. U.S. Department of Homeland Security* that a New York statute criminalizing the act of authorizing a child to participate in a sexual performance—a crime involving no physical contact, although surely abusive from other perspectives—categorically constitutes INA "sexual abuse of a minor." 633 F.3d 119, 121, 124 (2d Cir. 2011).

---

of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." 18 U.S.C. § 3509(a)(9).

We have thus already accepted the BIA's adoption of a "flexible" definition of INA "sexual abuse of a minor" and accorded weight to "the congressional intent to 'expand the definition of an aggravated felony and to provide a comprehensive statutory scheme to cover crimes against children.'" *Id.* at 121 (quoting *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 994, 996); *see also Mugalli*, 258 F.3d at 58–59 (recognizing that use of § 3509 as guide to defining "sexual abuse of a minor" is "consonant with the generally understood broad meaning of the term 'sexual abuse'" and is "supported by the BIA's reading of Congressional intent"). This flexible definition constitutes the relevant INA definition for purposes of our comparison with the state statute.

<u>Turning next to the state statute:</u> As described above, Rodriguez's statute of conviction—N.Y. Penal Law § 130.65(3)—provides that "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [and] the other person is less than eleven years old." Section 130.00(3) of the New York Penal Law provides the operative definition of "[s]exual contact": it is "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing." N.Y. Penal Law § 130.00(3).

The state's definition of "sexual contact" is undoubtedly capacious, *see James*, 522 F.3d at 258—so much so that in *James* we commented in passing that it may be broader than the INA crime of sexual abuse of a minor: we noted, for example, that New York law refers generally to contact with either "sexual" or "intimate" body parts as potentially qualifying conduct, whereas the federal definition found in 18 U.S.C. § 3509 refers to contact or simulated contact with only certain listed body parts, *see supra* note 7. Following that reasoning, we said in dicta in *James* that the New York state definition of "sexual contact" is broader than the definition provided by § 3509, from which the

9

agency drew guidance. 522 F.3d at 258. And in *Flores v. Holder* we remanded based on a similar concern. 779 F.3d at 166. Consonant with the interpretation offered by the BIA in *In re Rodriguez-Rodriguez*, however, in *James* we also recognized that § 3509 offers only a guide, not an inflexible boundary, for construing the INA phrase "sexual abuse of a minor." *James*, 522 F.3d at 254.[8] Thus, the New York law's reference to "intimate" body parts does not necessarily make the New York statute's definition of sexual contact broader than that provided in the INA. *See Oouch*, 633 F.3d at 124 (recognizing that "[s]ection 3509(a) itself defines 'sexual abuse' by non-exhaustive inclusion"). This conclusion is further supported by the fact that the state crime is defined in part by its perpetration on a child under eleven years of age.

Picking up on a hypothetical offered in *James*, Rodriguez counters that New York case law establishes that a kiss on the mouth of a child could violate § 130.65(3) but not fall within the definition provided by 18 U.S.C. § 3509(a). Therefore, he argues, the action would fall outside the agency's definition of "sexual abuse of a minor." Pet'r's Br. at 14-16. It follows, he submits, that the "least of the acts" criminalized by the state is not "encompassed by the generic federal offense" and the state crime is fatally overbroad for purposes of enforcing the INA. *Id*. at 2.

---

[8] We have also suggested that the BIA adopted wholesale the definition provided in § 3509. *See Flores*, 779 F.3d at 165. *But see James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008). But the BIA did not understand § 3509 as establishing a bounded definition of "sexual abuse of a minor"; rather, it took guidance from § 3509 as providing some more concrete examples of what might reasonably be seen as the federal crime. *See In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996 (explaining that the agency is not "adopting [§ 3509] as a definitive standard or definition but invok[ing] it as a guide in identifying the types of crimes [it] would consider to be sexual abuse of a minor"). Congress, moreover, did not cross-reference § 3509 when it amended the definition of aggravated felony in IIRIRA to include "sexual abuse of a minor," suggesting that it did not expect the INA definition to be bounded by § 3509.

We are not persuaded, and the *James* court's hypothetical account was not necessary to its decision and therefore does not bind this panel. Under New York law, defining "intimate" body parts for purposes of the definition provided in § 130.00(3) "involves considerations other than mere anatomical location [, such as] . . . what area of the body is touched[,] . . . what is the manner of the touching [, and] . . . under what circumstances did the touching take place." *People v. Morbelli*, 544 N.Y.S.2d 442, 446 (N.Y. Crim. Ct. 1989) ("This approach is particularly appropriate given that society's use of the term sexual may connote a sphere of behavior associated with libidinal gratification rather than any specific acts."). The context-driven flexibility that the state finds in this term seems to us no broader than the flexibility that the BIA identifies in the words of the federal statute. Indeed, for both the state statute and the federal definition as interpreted by the BIA, the proscribed conduct is defined by not only the physical act but also by the *mens rea* of the wrongdoer. *See In re Rodriguez-Rodriguez*, 22 I. & N. at 996 (finding indecent exposure in the presence of a child when the person has the "intent on sexual arousal" as "clearly sexual abuse of a minor within the meaning of section 101(a)(43)(A) of the Act"); *Teicher*, 52 N.Y.2d at 646 (holding that facts sufficiently supported conviction under § 130.65(2) in part because, under § 130.00(3), "[t]he statute does not require that actual gratification occur, but only that the touching be for that purpose"). And the crime's victim, meanwhile, is under age eleven.

It is undeniable that the federal phrase as interpreted by the BIA potentially covers conduct for which the penalties may be no more serious than probation. It is also the case that the dissonance between a probation-punished crime of "sexual abuse of a minor," when it is grouped in INA § 101(a)(43)(A) with murder and rape, presents a disproportionality that raises questions about the merits of the agency's decision to construe the federal crime to encompass such a wide range of behavior. *See In re Rodriguez-Rodriguez*, 22 I. & N. at 1002 (Guendelsberger, Bd. Member, dissenting); *Flores*,

11

779 F.3d at 166. Section 130.65(3) is similarly far-reaching, however, and given the open-ended nature of the conduct covered by INA § 101(a)(43)(A), and the applicable *mens rea* for violations of both statutes, § 130.65(3) does not criminalize conduct beyond the bounds of INA § 101(a)(43)(A). The breadth of both INA § 101(a)(43)(A) and New York Penal Law § 130.65 combine to threaten very severe immigration consequences for an offender whose actual conduct, while reprehensible, may be relatively minor when considered alongside murder and rape—perhaps a momentary touch on the shoulder that satisfies the toucher's improper sexual urge.

Nonetheless, this is the state of the relevant binding federal and state law as we write today. Since Rodriguez's state statute of conviction, § 130.65(3), requires both that the victim be under the age of eleven and that the perpetrator's contact with the victim be "for the purpose of gratifying sexual desire," and the corresponding INA crime as construed by the BIA reaches as far, we conclude that Rodriguez's state law conviction constitutes an aggravated felony of "sexual abuse of a minor" under the INA. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996, 1004; *see also Oouch*, 633 F.3d at 121-24. The state law criminalizes conduct—including potentially a kiss on the mouth of a child under the age of eleven, accomplished for the sexual gratification of the perpetrator—that falls within the "broad range of maltreatment of a sexual nature" covered by the INA. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996. It is therefore not categorically broader.

Having determined as a matter of law that Rodriguez was convicted of a state crime that qualifies under the INA as an aggravated felony, we must dismiss the petition, for it presents no additional questions of law. *See James*, 522 F.3d at 253, 259.

**CONCLUSION**

Because a conviction under N.Y. Penal Law § 130.65(3) requires both that the victim be under the age of eleven and that the perpetrator's contact with the victim be "for the purpose of gratifying sexual desire," the state statute reaches no farther than the crime of "sexual abuse of a minor" as set forth in INA § 101(a)(43)(A) and construed by the BIA in *In re Rodriguez-Rodriguez*. A conviction under the state statute is an aggravated felony under the INA. We therefore **DISMISS** the petition for review.