**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1493
_____

JOSE LUIS REYES,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A094-241-250)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 8, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*

(Filed:  February 23, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute
binding precedent.

**FUENTES**, *Circuit Judge*.

Jose Luis Reyes petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal. Because Reyes has failed to meet his burden to establish that his conviction under a New York statute is not a disqualifying offense for cancellation of removal, we deny his petition for review.

I.

Petitioner Reyes is a native and citizen of Mexico who first entered the United States without inspection in 1995. In 2004, Reyes pleaded guilty to a charge of sexual abuse under New York Penal Law § 130.60 ("New York Statute"). In 2010, the Department of Homeland Security initiated removal proceedings against Reyes by issuing a Notice to Appear. Reyes did not dispute his removability on non-criminal grounds.

Reyes moved for cancellation of removal based on hardship to his three children if he were removed. However, Reyes's conviction for sexual abuse in the second degree presents a barrier to cancellation of removal: that relief is unavailable to an applicant who has been convicted of an "aggravated felony."[1] The Immigration Judge ("IJ") found Reyes removable, and then considered whether Reyes's conviction constituted an aggravated felony. The IJ concluded that the issue had been directly addressed by the BIA in *Matter of Small*, and that the conviction did constitute an aggravated felony. The IJ therefore ordered Reyes removed.

---

[1] 8 U.S.C. § 1229b(b)(1).

2

Reyes appealed to the BIA. The BIA affirmed the IJ's ultimate conclusion that the conviction constituted aggravated felony sexual abuse of a minor, making Reyes ineligible for cancellation of removal. Reyes now petitions for review of that decision.

II.

We have jurisdiction to review the BIA's final order of removal.[2] We lack jurisdiction to review an order to remove a non-citizen who has committed an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we may retain jurisdiction to address the prerequisite of whether a petitioner was convicted of an aggravated felony.[3] We review the BIA's determination that Reyes's New York State conviction constituted an aggravated felony *de novo*.[4]

III.

Reyes's removability is not in dispute. Once the government has met its burden of establishing removability, the noncitizen then bears the burden of establishing his eligibility for discretionary cancellation of removal.[5] The Immigration and Nationality Act ("INA") authorizes the Attorney General to cancel the removal of a noncitizen if that person establishes, among other things, that his "removal would result in exceptional and extremely unusual hardship to . . . [his] spouse, parent, or child, who is a citizen of the

---

[2] 8 U.S.C. § 1252(a)(5).
[3] *Stubbs v. Att'y Gen.*, 452 F.3d 251, 253 n.4 (3d Cir. 2006).
[4] *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008). The BIA issued its own decision on the merits rather than summarily affirming the IJ. We therefore review the BIA's decision, not that of the IJ. *See Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012) (citing *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009)).
[5] *Syblis v. Att'y Gen.*, 763 F.3d 348, 357 (3d Cir. 2014).

United States."[6]  The Attorney General may discretionarily grant that form of relief from removal only to an applicant who, among other things, has not been convicted of an offense under 8 U.S.C. § 1227(a)(2), which includes any "aggravated felony."[7]  We therefore turn to the question of whether Reyes's conviction constitutes an aggravated felony.

## A.

To determine whether a petitioner's prior conviction is an aggravated felony, we apply the categorical approach.  This approach "asks only whether the elements of a federal criminal statute can be satisfied by reference to the actual statute of conviction."[8]  A court looks "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."[9]

A divisible statute listing multiple crimes with different elements requires courts to employ a "modified" categorical approach to determine the precise crime of conviction.[10]  Under the modified categorical approach, the court may look to a limited class of documents—such as the indictment, jury instructions, or plea agreement and colloquy— solely to determine under which portion of the statute the defendant was convicted.[11]  Once a court has used the modified categorical approach to "determine what crime, with what

---

[6] 8 U.S.C. § 1229b(b)(1).
[7] *Id.*
[8] *Evanson*, 550 F.3d at 292 (quoting *Singh v. Ashcroft*, 383 F.3d 144, 161 (3d Cir. 2004)).
[9] *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (internal quotation marks omitted).
[10] *Hillocks v. Att'y Gen*, 934 F.3d 332, 336 (3d Cir. 2019).
[11] *Mathis v. United States*, 579 U.S. 500, 505 (2016).

elements, a defendant was convicted of," then it may "compare that crime, as the categorical approach commands, with the relevant generic offense."[12]

B.

At the time of Reyes's conviction, the statute under which he was convicted provided that:

> A person is guilty of sexual abuse in the second degree when he or she subjects another person to sexual contact and when such other person is:
>
> (1) Incapable of consent by reason of some factor other than being less than seventeen years old; or
>
> (2) Less than fourteen years old.[13]

This statute requires the modified categorical approach because it has "alternative elements."[14] It is divisible between its two subsections: subsection two requires that the victim be under 14 years old, while subsection one does not. Further, New York's Criminal Jury Instructions and Model Colloquies provide two entirely different model instructions for each of the statute's two subsections.[15] The statute is therefore divisible, and Reyes does not argue otherwise.

As far as the record on Reyes's conviction, the Administrative Record contains a disposition sheet and a plea colloquy, which refers to the offense as "sex abuse in the

---

[12] *Id.* at 505-06.
[13] New York Penal Law § 130.60.
[14] *Hillocks*, 934 F.3d at 339.
[15] Penal Law Article 130, https://www.nycourts.gov/judges/cji/2-PenalLaw/130/art130hp.shtml (last accessed February 8, 2023).

5

second degree."[16]  The record is not perfectly clear as to which subsection Reyes was convicted under.  However, "an inconclusive record of conviction does not satisfy a noncitizen's burden of demonstrating eligibility for relief from removal."[17]  Reyes instead bears the burden of establishing that he was not convicted under subsection two.[18]  He has not carried that burden.

C.

We next must determine whether subsection two categorically constitutes an aggravated felony.[19]  The INA includes "sexual abuse of a minor" as an aggravated felony but does not define that term.[20]  In the Third Circuit, "for purposes of applying the categorical approach in the context of an immigration case, an analysis of the generic crime of 'sexual abuse of a minor' depends upon 18 U.S.C. § 3509(a)(8) for guidance."[21]  That federal statute defines sexual abuse as including "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to

---

[16] AR 935.

[17] *Syblis*, 763 F.3d at 357.

[18] *See Pereida v. Wilkinson*, 141 S. Ct. 754, 763 (2021) (explaining that the petitioner carries the burden to prove as a factual matter that he was not convicted under a subsection of a divisible statute that constitutes a crime of moral turpitude).

[19] Reyes primarily argues that the BIA erred by not newly applying the categorical approach, and instead relying on a misinterpretation of the holding of *In Re Small*, 23 I. & N. Dec. 448 (BIA 2002).  He also argues that the Third Circuit's decision in *Cabeda v. Attorney General*, 971 F.3d 165 (3d Cir. 2020) effectively overturned *Small*.  Rather than rely on *Small*, we will apply the categorical approach.

[20] 8 U.S.C. § 1101(a)(43)(A).

[21] *Cabeda*, 971 F.3d at 169.

engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."[22]

Reyes argues that the minimal conduct needed to obtain a conviction under the New York Statute is not conduct that could fit within this federal counterpart. He first argues that touching through clothing can qualify as "sexual contact" under the New York Statute but not under the federal equivalent. Section 3509(a)(9)(A) defines "sexually explicit conduct"—one of the items included in the federal statute's definition of "sexual abuse"— to include "sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact."[23] "Sexual contact" in turn is defined as including intentional touching "either directly or *through clothing*."[24] Reyes's argument is therefore unavailing.

Reyes also argues that the body parts included in the New York Statute are broader than those included in the federal definition. The New York Statute defines "sexual contact" as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party."[25] To support his position, Reyes cites to the Second Circuit's decision in *United States v. Romeo*, 385 F. App'x 45, 49 (2d Cir. 2010), which relies on *James v. Mukasey*, 522 F.3d 250, 258 (2d Cir. 2008) for the proposition that sexual contact under the New York Statute is broader than the federal definition. He also

---

[22] 18 U.S.C. § 3509(a)(8).
[23] 18 U.S.C. § 3509(a)(9)(A).
[24] *Id.* (emphasis added).
[25] New York Penal Law § 130.00(3).

cites to two New York cases holding that the New York Statute's definition of sexual conduct includes instances where the actor touches the victim's upper leg.[26]

The Second Circuit has clearly held, however, that a conviction under the New York Statute is an aggravated felony under the INA.[27]  In *Rodriguez*, the Second Circuit clarified that the contrary suggestion in *James* was *dicta* and that "the New York law's reference to 'intimate' body parts does not necessarily make the New York statute's definition of sexual contact broader than that provided in the INA."[28]  It further explained that "[l]imitations imposed by relevant state definitions and caselaw ensure that the state statute does not extend beyond the federal definition: a conviction under [New York law] requires both that the victim be [a minor] and that the perpetrator's 'sexual contact' with the victim be 'for the purpose of gratifying sexual desire.'"[29]

We agree with the Second Circuit that the New York Statute sweeps no further than the INA, especially considering the "breadth of conduct"[30] encompassed by the federal

---

[26] P. Brf. 17 (citing *People v. Gray*, 607 N.Y.S.2d 828, 962 (N.Y. App. Div. 1994); *People v. Morbelli*, 544 N.Y.S.2d 442, 442, 487 (N.Y. Crim. Ct. 1989)).

[27] *Debique v. Garland*, 58 F.4th 676 (2d Cir. 2023) (per curium).

[28] *Rodriguez v. Barr*, 975 F.3d 188, 193 (2d Cir. 2020); *see also Debique*, 58 F.4th at 683 ("[O]ur holding in *Rodriguez* defeats [Petitioner's] argument that *James v. Mukasey*, 522 F.3d 250 (2d Cir. 2008), implies N.Y. Penal Law § 130.60(2) is broader than the generic federal definition of 'sexual abuse of a minor.'").

[29] *Rodriguez*, 975 F.3d at 189.  In *Rodriguez*, the relevant New York offense was § 130.65(3).  Both § 130.60(2) and § 130.65(3) refer to "sexual abuse," which is defined at the outset of the statute, and therefore the same statutory definition applies to both statutory provisions.  *Debique*, 58 F.4th at 682 (referring to the two statutes as "substantively identical").

[30] *Restrepo v. Att'y Gen.*, 617 F.3d 787, 800 (3d Cir. 2010).  Note that this Court continues to be bound by *Restrepo* even after *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017).  *Cabeda*, 971 F.3d at 171.  *Restrepo* in turn defers to the BIA's decision in *In re Rodriguez-Rodriguez*, in which the BIA concluded that the federal statute was not just intended to

8

generic definition, and that both statutes reach a "broad range of maltreatment [of children] of a sexual nature."[31] And contrary to Reyes's contention, a misdemeanor conviction can qualify as an aggravated felony.[32] Reyes has not demonstrated that subsection 2 of the New York Statute criminalizes conduct that falls outside the generic federal definition. He therefore has not met the burden of establishing his eligibility for discretionary cancellation of removal.

IV.

For the foregoing reasons, we will deny Reyes's petition for review.

---

capture crimes that involved physical sexual contact. *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 986 (BIA 1999).

[31] *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996.

[32] *See Biskupski v. Att'y Gen.*, 503 F.3d 274, 281 (3d Cir. 2007); *United States v. Graham*, 169 F.3d 787, 788 (3d Cir. 1999) ("[A] misdemeanor can be an 'aggravated felony' . . . even if it is not, technically speaking, a felony at all.").